1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                  CENTRAL DISTRICT OF CALIFORNIA
9                          WESTERN DIVISION
10

11  CHRISTOPHER HALL,                ) No. ED CV 09-00799-VAP (VBK)
                                     )
12                Petitioner,        ) ORDER TO SHOW CAUSE
                                     )
13        v.                         )
                                     )
14  JAMES WALKER,                    )
                                     )
15                Respondent.        )
   _____   )
16

17      On April 23, 2009, Christopher Hall (hereinafter referred to

18  "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person

19  in State Custody" pursuant to 28 U.S.C. §2254 ("Petition").   The

20  Petition purports to be directed to a conviction sustained in the

21  Riverside County Superior Court of violating Health and Safety Code

22  §11352(a) and California Penal Code §§667(a) and 667.5(b).  Petitioner

23  was sentenced on October 10, 1997 to 25 years to life. (See Petition

24  at 2.)

25      Since the Petition was filed after the President signed into law

26  the Antiterrorism and Effective Death Penalty Act of 1996 (the

27  "AEDPA") on April 24, 1996, the Court's consideration of the

28  Petition's timeliness is governed by 28 U.S.C. §2244(d), as amended by

the AEDPA.   See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 523 U.S. 1061 (1998).[1] That section provides:

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to

---

[1]    Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998)(en banc), cert. denied, 119 S. Ct. 1377 (1999).

1    the pertinent judgment or claim is pending shall not be counted

2    toward any period of limitation under this subsection."

3

4        Under 2244(d)(1)(A), the statute begins to run at the completion

5    of direct review in the state courts.  Here, the California Supreme

6    Court denied the Petition for Review on February 24, 1999.

7    Consequently, the judgment became final ninety days later on May 24,

8    1999.  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period

9    of direct review includes the period within which a petitioner can

10   file a Petition for a Writ of Certiorari to the United States Supreme

11   Court pursuant to Sup. Ct. Rule 13.1).

12       Therefore, without tolling, the last date for Petitioner to file

13   his federal petition was May 24, 2000.  See 28 U.S.C. §2244(d)(1)(A);

14   Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The

15   Petition filed on April 23, 2009 was filed approximately nine years

16   after the statute of limitations expired and is facially untimely,

17   absent any statutory or equitable tolling.

18       The running of the AEDPA's one-year time limitation is tolled for

19   the time period during which a properly filed application for post-

20   conviction or other state collateral review is pending in state court.

21   See 28 U.S.C. §2244(d)(2); Evans v. Chavis, 546 U.S. 189, 193-194, 126

22   S.Ct. 846 (2006); Duncan v. Walker, 531 U.S. 991, 121 S. Ct. 2120

23   (2001)(The statutory term "other collateral review" refers to other

24   state collateral review).  The statute is tolled from "the time the

25   first state habeas was filed until the California Supreme Court

26   rejects the petitioner's final collateral challenge." Nino v. Galaza,

27   183 F.3d 1003, 1006 (9th Cir.), cert. denied, 529 U.S. 1104, 120 S.

28   Ct. 1846 (2000).

3

1    Statutory tolling under AEDPA may include the time between
2    properly filed state petitions, so long as the prisoner is attempting,
3    "through proper use of state court procedures," to exhaust his state
4    court remedies.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999);
5    accord, Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 2138 (2002).
6    Such "gap tolling," however, is available only insofar as a petitioner
7    is pursuing "one complete round of the state's established appellate
8    review process."  Nino, 183 F.3d at 1005; see also Saffold, 122 S.Ct.
9    at 2138; Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).

10    Here, it appears from the face of the Petition that Petitioner's
11   collateral challenges were filed too late.[2]  See Ferguson v. Palmateer,
12   321 F.3d 820, 823 (9th Cir.)(holding that §2244(d) "does not permit the
13   reinitiation of a limitations period that has ended before the state
14   petition was filed," even if the state petition was timely filed),
15   cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482
16   (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir.
17   2001), cert. denied, 534 U.S. 1143 (2002).

18    The Ninth Circuit has held that the District Court has the
19   authority to raise the statute of limitations issue sua sponte when
20   untimeliness is obvious on the face of the petition, and to summarily
21   dismiss the petition pursuant to Rule 4 of the Rules Governing §2254
22   Cases in the United States District Courts, so long as the Court
23   "provides the petitioner with adequate notice and an opportunity to
24   respond."  See Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675 (2006);
25   Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,

---

26
27   [2]    The Court notes on p. 4 of the Petition, Petitioner indicates
     that a habeas petition was filed on September 11, 2009 [sic],
28   approximately 8 years after the one-year statute of limitations
     expired.

260 F.3d 1039, 1042-43 (9th Cir. 2001).

**IT IS THEREFORE ORDERED** that on or before May 25, 2009, Petitioner show cause in writing, if any, why the Court should not recommend that the Petition be dismissed on the grounds of untimeliness.

DATED:  April 28, 2009                         /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE